HARLEY v. BLODGETT ENGINEERING & TOOL CO.

1. CONTRACTS — ARCHITECT'S FEES — RECOUPMENT OF DAMAGES—
   INSTRUCTIONS AS TO LIABILITY OF JOINT WRONGDOERS.
       In an action by an architect for fees in planning and
       supervising the construction of defendant's building, in
       which a claim of recoupment was made for defects in
       construction, for which in another suit defendant had
       charged the contractors with responsibility, an instruction
       permitting the jury to weigh the equities between the

architect and the contractors and to speculate as to which had greater fault, and which, though both were in default, should pay, was erroneous.[1]

2. SAME — INSTRUCTIONS AS TO CONTRIBUTION BETWEEN JOINT WRONGDOERS.

In said action, an instruction that plaintiff, if defeated, could claim no contribution from the other wrongdoers, the contractors, while correct in law, should have been omitted, since the jury, if damages were found, should measure them apart from such consideration.[2]

Error to Wayne; Mandell (Henry A.), J.   Submitted January 6, 1925.   (Docket No. 16.)   Decided April 3, 1925.

Assumpsit by Alvin E. Harley against the Blodgett Engineering & Tool Company for services rendered. Judgment for plaintiff.   Defendant brings error. Reversed.

*William Henry Gallagher*, for appellant.

*Slyfield, Hartman & Mercer*, for appellee.

CLARK, J.   Plaintiff, an architect, agreed to plan and to supervise construction of a building for defendant.   Claiming that his work was done, he sued for his fees.   Defendant, with its plea of general issue, gave notice of recoupment, claiming defects in construction and that plaintiff, because of failure to exercise reasonable care and skill, was responsible therefor.   The mason contractors, Lennane Brothers, had filed a statement of lien and a bill to enforce it. In its answer and cross-bill, defendant had charged such contractors with responsibility for most, if not all, of the defects here charged against the architect. The cross-bill of the lien suit was admitted in evidence over objection, and the court gave the following instruction, on which error is assigned:

[1]Architects, 5 C. J. § 37 (1926 Anno); [2]Id., 5 C. J. § 37.

"It appears that there is a suit, or suits, pending between the defendants and some of the contractors. It is in evidence here that there is litigation between the Lennane Brothers and the defendants. I deem it my duty to call your attention to the fact that the defendants are making certain claims as against the Lennanes. In so far as these claims overlap the claims that they make in this litigation as against this plaintiff, great care should be exercised by you in studying these claims for this reason: That if recovery is had in this suit by the defendants, against the plaintiff, the plaintiff would be without remedy as against the Lennane Brothers, even though it should turn out that the defendants, if they urge the claims as against the Lennane Brothers, might recover, because the plaintiff and the defendants stand practically in the same position as far as Lennane Brothers are concerned, because the defendants were the principals, and the plaintiff represented them as their agent. So, with regard to any matters wherein disputes arise between the Lennane Brothers, as shown by the litigation here, and the proofs here, I deem it my duty to suggest to you that you give such matters the most careful scrutiny."

Plaintiff had verdict and judgment. Defendant brings error.

There is considerable testimony that the plaintiff architect was guilty of no failure or neglect, but there is also testimony of defects in construction and that the same are due to want of reasonable care on the part of the contractors engaged to do the work and of the plaintiff as architect. Defendant's damage, if any, therefore, is due largely, if not wholly, to the default of both the contractors and the architect. But the claim is here asserted against the architect alone. In the lien suit it is asserted against the contractors alone. There is no claim of adjudication of the lien suit, and its significance here is that defendant by its answer and cross-bill seeks to justify its withholding funds claimed to be due the contractors and to recover damages on practically the same ground

asserted against plaintiff in the case at bar.    A case in point is *Newman* v. *Fowler*, 37 N. J. Law 89.    There, plaintiff, the owner, employed defendant, an architect, to supervise the putting up of a building, and claimed and showed damage because of defective construction, due to want of reasonable skill and care on the part of both the architect and a contractor.    The architect alone was sued and recovery permitted.    A defense, there sought to be made, was that the owner had withheld money from the contractor because of such defects and damage, and therefore he ought not to be permitted to claim damages from the architect.    It was held:

"There can be no doubt that when two or more persons occasion, proximately, an injury, though not acting in concert, they are severally liable for the consequences.    In this respect there is no difference between wrongs the result of force and such as proceed from ignorance or carelessness.    Whenever the damage is the product of the contributory misfeasances the action will lie against each of the wrongdoers, and the person thus sued will be held responsible for the entire detriment.    It is the familiar rule of practice that all or any of joint trespassers may be prosecuted, and that such as are thus sued must answer for all the consequences of the wrong done. Nor can they claim contribution, the one from the other, so as to dispense the loss equally among themselves, the reason being that the law will not undertake to adjust the burthens of misconduct."

And of the defense it was also said:

"But the weak point in this part of the defense is, that the money thus retained cannot be regarded as a satisfaction.    The contractor has not consented to the retention of this money, and at any time may bring suit for it.    The plaintiff is not entitled to measure his own damages, and whether he can retain this money, or any part of it, is, as between himself and the contractor, an open question.    If this money had, either by agreement or by an adjudication, been fixed

in his hands, it might have been, very properly, regarded by the court as a satisfaction. But, under existing circumstances, it is nothing but so much money impounded by the plaintiff in his own hands, where it will remain, until the right to it shall be settled, either by the agreement of the parties or by a course of law. I can see no propriety in holding that this money, under present conditions, is to be taken as an absolute satisfaction of the damages embraced in this verdict. The effect of sustaining the recovery in this case will be to permit the plaintiff to select the particular wrongdoer against whom he will first proceed—a right, which we have seen, belongs to him upon general principles. If he shall prove successful in such pursuit, the result will be to free the money now detained by him, to the extent which it represents the damages which will be thus compensated. It is true that, in this way the burthen of sustaining this loss is shifted on to the defendant as architect, from the contractor, who will thus be enabled, so far as the present damages are concerned, to recover the money in question. But it is to be borne in mind, and the circumstance is an additional reason why the money retained cannot be considered as a satisfaction of this cause of action, that the money in question may be kept back by the plaintiff on the foot of other damages than those embraced in this suit. For it is not a necessary consequence that the defendant is responsible for every part of the neglects or misconduct of the contractor in the doing of the work in question. There was a sameness of responsibility only, when the negligence of the contractor was such as to be discoverable by the exercise of reasonable care and skill on the part of the architect; for the effects of negligence beyond this measure, the contractor alone would be answerable. It is not practicable for the court here to say that the money retained by the plaintiff is not held as a guarantee against losses for which a responsibility rests exclusively upon the contractor; if so held, the present suit, to this degree, will have no effect on the right of the parties in this fund. The case then, in principle, is thus to be summed up: the damages recovered are the result of the negligence of two persons—of the architect and the contractor; the

plaintiff had his remedy against either, and has elected to sue the former; the money in the hands of the plaintiff cannot be regarded as a satisfaction—*first,* because the plaintiff's right to it is not established; and, *second,* because it may be held as an indemnification against other damages than those within the scope of the present suit."

See, also, *David* v. *McDonald,* 8 L. C. Jur. 44, 14 L. C. 31. 5 C. J. p. 277.   In so far as damage was occasioned by the architect's failure to exercise reasonable skill and care, defendant had a right to recover against him, and its right should not be restricted by the fact that part or all of such damage also had been occasioned by contributory misfeasances of the contractors.   That the claim, not adjudicated, against the contractors as pleaded in the cross-bill overlapped the claim made against the architect was no concern of the jury.   The effect of the instruction was to permit the jury to weigh equities between the contractors and the architect, to speculate as to which had greater fault, and which, though both be in default, should pay.   The instruction is erroneous.   And the jury ought not to have been told that plaintiff, if defeated, could claim no contribution from the other wrongdoers, the contractors.   The statement is law, but the jury, if it found damages, should measure them apart from such consideration.

Other questions presented are not likely to arise again, and are passed.

Judgment reversed.   New trial granted, with costs to defendant.

McDonald, C. J., and Bird, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.